TOKIOKA SMITH,
A Limited Liability Law Company

JESSE J. T. SMITH            9403-0
JAIME H. TOKIOKA             10819-0
Seven Waterfront Plaza, Suite 400
500 Ala Moana Boulevard
Honolulu, Hawaii  96813
Telephone No.  (808) 707-8909
Emails: jsmith@localhawaiicounsel.com
        jtokioka@localhawaiicounsel.com

Attorneys for Defendants
JOHN LEBOEUF; INOVA HEALTH
SOLUTIONS LLC; INOVA CARE LLC;
and INOVA INTERNATIONAL LLC

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| NIKKI TSAI, | ) | Civil No. |
|---|---|---|
| Plaintiff, | ) ) ) | DEFENDANTS' NOTICE OF REMOVAL; EXHIBITS A – B; |
| vs. | ) ) ) | CERTIFICATE OF SERVICE |
| INOVA HEALTH SOLUTIONS LLC; INOVA CARE LLC; INOVA INTERNATIONAL LLC; JOHN LEBOEUF, AND DOES 1-20 | ) ) ) ) ) | |
| Defendants. | ) ) | |

DEFENDANTS' NOTICE OF REMOVAL

TO:   THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAII

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(a), Defendants John LeBoeuf ("LeBoeuf"), Inova Health Solutions LLC ("Inova Health Solutions"), Inova Care LLC ("Inova Care"), and Inova International LLC ("Inova International") (Inova Health Solutions, Inova Care, and Inova International are collectively referred to herein as, "Inova") (LeBoeuf and Inova are collectively referred to herein as "Defendants")—specially appearing for the sole purpose of removing the Action to federal court and seeking dismissal/transfer based on procedural grounds, such as lack of service/personal jurisdiction and improper venue—hereby file their Notice of Removal. As discussed herein, removal is proper because (1) Plaintiff Nikki Tsai ("Plaintiff") is a citizen of a state different from each of the Defendants, (2) the aggregate amount in controversy exceeds $75,000, and (3) all other requirements for removal have been met.

## I. BACKGROUND

1. On or about May 15, 2023, Plaintiff filed her Verified Complaint ("Complaint") in the Circuit Court of the First Circuit, State of Hawaii, captioned *Nikki Tsai v. Inova Health Solutions, LLC et al.,* Case No. 1CCV-23-0000623 (the "Action").

2. Defendants have yet to be properly served. Plaintiff filed purported Returns of Service ("Returns") for Inova Health Solutions, Inova Care, and Inova International on July 6, 2023, stating those entities were served on June 10, 2023 by

and through a man named "Bill Gregory." However, the Returns do not indicate how Bill Gregory is associated with the Inova companies or their registered agent or otherwise constitutes an agent authorized by appointment or law to accept service on behalf of Inova. In fact, Bill Gregory is neither a manager, member, nor employee of Inova nor Inova's registered agent. As such, the Returns fail to establish proper service. According to the Declaration of Attempted Service, Plaintiff attempted to serve LeBouef on several occasions in June 2023, but failed to effectuate proper service.[1] Thus, Mr. LeBouef also has not been properly served. True and correct copies of the Complaint, Summons, Returns of Service, and Declaration of Non-Service of Summons are collectively attached to this Notice of Removal as **Exhibit A**, and together constitute all pleadings filed with respect to this Action to date.

3. Defendants first learned of the Action after Plaintiff had sent a copy of the Complaint to various clients and customers of Defendants.

4. Therefore, removal is timely filed by Defendants under 28 U.S.C. § 1446(b).

---

[1] Defendants reserve the right to challenge jurisdiction based on failure to properly effectuate service. *See infra* n. 2.

## II.   BASIS FOR REMOVAL

### A.   Diversity of Citizenship

5. Diversity jurisdiction under 28 U.S.C. § 1332(a)(1) requires that the citizenship of Plaintiff be diverse from the citizenship of each of the Defendants.

6. Based on the allegations stated in the Complaint, removal is proper because there is complete diversity of citizenship between the parties. *See* 28 U.S.C. § 1332(a).[2]

7. Plaintiff is a citizen of the State of Hawaii. *See* Exhibit A (Compl. ¶ 1)

8. Defendant Inova Health Solutions is a citizen of the State of Florida as it is incorporated in Florida, its principal place of business is located in Florida, and its member(s) are citizen(s) of Florida. *See* Exhibit A (Compl. ¶ 2); *Mag US Lounge Mgmt., Ltd. Liab. Co. v. Ontario Int'l Airport Auth.*, No. 22-55230, 2022 U.S. App. LEXIS 34478, at *2 (9th Cir. Dec. 14, 2022) ("For diversity jurisdiction purposes, 'an LLC is a citizen of every state of which its owners/members are citizens.'" (citing

---

[2] While Defendants remove the Action pursuant to 28 U.S.C. § 1332(a), Defendants do not consent to this Court's jurisdiction over Plaintiff's claims. By removing, Defendants do not waive any such defense. *See Webb v. Sitzes*, CA No. 94-56309, 1996 U.S. App. LEXIS 8961, at *8 (9th Cir. Apr. 10, 1996) (unpublished); *Freeney v. Bank of Am. Corp.*, No. CV 15-02376 MMM (PJWx), 2015 U.S. Dist. LEXIS 92848, at *63 (C.D. Cal. July 15, 2015) (noting that "[a] defendant's election to remove a case to federal court does not waive a personal jurisdiction defense"). Further, Defendants do not waive, and specifically reserve, any and all objections as to service, jurisdiction, and any and all other available defenses.

*Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)). No member of Defendant Inova Health Solutions is a resident of the State of Hawaii.

9. Defendant Inova Care is a citizen of the State of Florida as it is incorporated in Florida, its principal place of business is located in Florida, and its member(s) are citizen(s) of Florida. *See* Exhibit A (Compl. ¶ 3); *Mag US Lounge Mgmt.*, 2022 U.S. App. LEXIS 34478, at *2. No member of Defendant Inova Care is a resident of the State of Hawaii.

10. Defendant Inova International is a citizen of the State of Florida as it is incorporated in Florida, its principal place of business is located in Florida, and its member(s) are citizen(s) of Florida. *See* Exhibit A (Compl. ¶ 4); *Mag US Lounge Mgmt.*, 2022 U.S. App. LEXIS 34478, at *2. No member of Defendant Inova International is a resident of the State of Hawaii.

11. Defendant LeBouef, an individual, is a citizen of the State of Florida as he resides in Naples, Florida. *See* Exhibit A (Compl. ¶ 5).

12. Complete diversity of citizenship is therefore present under 28 U.S.C. § 1332(a)(1) in this case because Plaintiff is a citizen of the State of Hawaii, and each Defendant is a citizen of a foreign state.

B.  **Amount in Controversy**

13. Under 28 U.S.C. § 1332(a), the amount in controversy, exclusive of interest and costs, must exceed $75,000.

14.  "In a federal diversity action, the amount alleged in the complaint will suffice unless it appears to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount." *Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir.1990); *see also* 14C Wright & Miller Federal Practice & Procedure § 3725 (1998).  Additionally, the pleaded amount is determinative unless it appears "to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

15.  Here, Plaintiff alleges that Inova entered into an agreement whereby Inova was to compensate Plaintiff for her services and the costs for performing such services from 2021 to 2023.  *See* Exhibit A (Compl. ¶¶ 25-30).  Plaintiff alleges that the agreement between the parties was for Defendants to pay Plaintiff $5,000 a month plus reimbursement of costs.  *See id.* (Compl. ¶¶ 33-50).

16.  Plaintiff alleges in the Complaint that she is entitled to an award of damages equal to the monthly $5,000 compensation she should have received from Defendants dating back to January 2023.  Plaintiff further alleges that as of the date of the filing of the Complaint (May 15, 2023), that amount totals $25,000 in back compensation (from January 2023 to May 2023), but continues to accrue every month at a rate of $5,000 until "final judgment is entered."  *See* Exhibit A (Compl. at "Demands" ¶ A).  Accordingly, as of the filing of removal, Plaintiff's alleged back

compensation sought as part of her damages in the Action totals $35,000 ($25,000 + ($5,000 x 2 months for June and July) = $35,000).

17. In addition, Plaintiff seeks (1) $12,000 for costs she incurred to retain a consultant; (2) $20,000 for costs she incurred to "hire on call workers"; (3) $2,000 for rental fees she incurred for "storage/office space"; (4) $2,045 for costs and expenses for events Plaintiff hosted; and (5) $10,000 for expenses Plaintiff incurred in 2021 for the "initial business operation and marketing costs." *See* Exhibit A (Compl. at "Demands" ¶ B).

18. Plaintiff also seeks to recover attorneys' fees, which additionally contributes to the alleged amount in controversy. *See* Exhibit A (Compl. at "Demands" ¶ D); *Kroske v. US. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (including attorney's fees in the "amount in controversy" under removal analysis).

19. Added together, based on the allegations in the Complaint, the amount in controversy totals at least approximately $81,045.00 (exclusive of attorneys' fees) and that amount allegedly grows at a rate of $5,000 per month hereafter. Therefore, the amount in controversy, as pleaded by Plaintiff in her Complaint, exceeds $75,000.

### III.  COMPLIANCE WITH PROCEDURAL REQUIREMENTS

20. Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** are true and accurate copies of all process, pleadings and orders that have been filed in the Action.

21. Pursuant to 28 U.S.C. § 1446(d), Defendants will give written notice of filing this Notice of Removal to all adverse parties promptly after the filing of same.

22. Pursuant to 28 U.S.C. § 1446(d), Defendants intend to promptly file a notice of removal, with a true and correct copy of this Notice of Removal, with the Clerk of the Circuit Court of the First Circuit, State of Hawaii. An unfiled copy of the Notice (without exhibits) to the Circuit Court is attached hereto as **Exhibit B**.

### IV.  CONCLUSION

WHEREFORE, Defendants respectfully request that the Action captioned *Nikki Tsai v. Inova Health Solutions, LLC, et al.,* Case No. 1CCV-23-0000623, pending in the Circuit Court of the First Circuit, State of Hawaii, be – and is – hereby removed to the United States District Court for the District of Hawaii because (1) Plaintiff is a citizen of a state different from each of the Defendants, (2) the aggregate

amount in controversy exceeds $75,000, and (3) the procedural requirements under 28 U.S.C. § 1446 for removal have been met.

DATED Honolulu, Hawaii, July 14, 2023.

/s/ *Jesse J. T. Smith*
JESSE J. T. SMITH
JAIME H. TOKIOKA

Attorneys for Defendants
JOHN LEBOUEF; INOVA HEALTH SOLUTIONS, LLC; INOVA CARE LLC; and INOVA INTERNATIONAL, LLC